

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN

XXXX~~BUFORD~~ ~~TEXXX~~ ~~SHEPPARD~~RD

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable J. C. Gowdy
County Auditor
Wichita County
Wichita Falls, Texas

Dear Sir:

Opinion No. 0-3430

Re: Should not the annual report of
all county officials include all
items of authoriaed expenses of
each respective office, regardless
of from what source paid, and would
therefore include record books,
binders, office equipment and oper-
ating expenses of all kind incurred
by said office?

Your request for an opinion of this department on the above stated ques-
tion has been received and considered by us.

The statutory authority commanding the making of annual reports by county
officers is contained in Article 3897, Vernon's Annotated Civil Statutes, as
amended. Said article reads as follows:

"Each district, county and precinct officer, at the close of each fiscal
year (December 31st) shall make to the district court of the county in
which he resides a sworn statement in triplicate (on forms designed and
approved by the State Auditor) a copy of which statement shall be forward-
ed to the State Auditor by the clerk of the district court of said county
within thirty (30) days after the same has been filed in his office, and
one copy to be filed with the county auditor, if any; otherwise said copy
shall be filed with the Commissioners' Court. Said report shall show the
amount of all fees, commissions and compensations whatever earned by said
officer during the fiscal year; and secondly, shall show the amount of fees,
commissions and compensations collected by him during the fiscal year;
thirdly, said report shall contair an itemized statement of all fees, com-
missions and compensations earned during the fiscal year which werenot col-
lected, together with the name of he party owing said fees, commissions and
compensations. Said report shall be filed not later than February 1st
following the close of the fiscal year and for each day after said date that
said report remains not filed, said officer shall be liable to a penalty of
Twenty-five ($25.00) Dollars, which may be recovered by the county in a suit
brought for such purpose, and in addition, said officer shall be subject to
removal from office." (Underscoring ours).

It will be observed that the only requisites of what must be contained in the annual reports have been underscored by us. This statute does not require the annual report to show the expenses of the various offices.

Expenditures made by or on behalf of all county officers are governed by the provisions of Article 3899, Vernon's Annotated Civil Statutes, as amended. As we know your county is one of those wherein county officers are compensated on a salary basis (Art. 16, Sec. 61, Constitution of Texas); accordingly paragraph (b) of said Article 3899, is applicable to Wichita County:

"(b) Each officer named in this Act, where he receives a salary as compensation for his services, shall be empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on officials' bonds, premium on fire, burglary, theft, robbery insurance protecting public funds and including the cost of surety bonds for his Deputies, such expenses to be passed on, pre-determined and allowed in kind and amounts, as nearly as possible, by the Commissioners' Court once each month for the ensuing month, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuing month, which application shall, before presentation to said court, first be endorsed by the County Auditor, if any, otherwise by the County Treasurer, only as to whether funds are available for payment of such expenses. The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of the Sheriff stating the necessity therefor purchase equipment for a bureau of criminal identification, such as cameras, finger print cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas and other equipment in keeping with the system in use by the Department of Public Safety of this State, or the United States Department of Justice and/or Bureau of Criminal Identification.

"Such purchases shall be made by each officer, when allowed, only by requisition in manner provided by the County Auditor, if any, otherwise by the Commissioners' Court. Each officer shall, at the close of each month of his tenure of office, make an itemized and sworn report of all approved expenses incurred by him and charged to his county, accompanying such report with invoices covering such purchases and requisitions issued by him in support of such report. If such expenses be incurred in connection with any particular case, such report shall name such case. Such report, invoices and requisitions shall be subject to the audit of the County Auditor, if any, otherwise by the Commissioners' Court, and if it appears that any item was not incurred by such officer, or that such item was not a necessary or legal expense of such office, or purchased upon proper requisition, such item shall be by said County Auditor or court rejected, in which case the payment of such item may be adjudicated in any court of competent jurisdiction. All such approved claims and accounts shall be paid from the Officers' Salary Fund unless otherwise provided herein.

"The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of such officer, stating the necessity therefor, allow one or more automobiles to be used by the Sheriff in the discharge of official business, which, if purchased by the county shall be bought in the manner prescribed by law for the purchase of supplies and paid for out of the General Fund of the county and they shall be reported and paid in the same manner as herein provided for other expenses.

"Where the automobile or automobiles are owned by the Sheriff or his Deputies, they shall be allowed four (4¢)cents for each mile traveled in the discharge of official business, which sum shall cover all expenses of the maintenance, depreciation and operation of such automobile. Such mileage shall be reported and paid in the same manner prescribed for other allowable expenses under the provisions of this section. No automobile shall be allowed for any Deputy Sheriff except those regularly employed in outside work. It shall be the duty of the County Auditor, if any, otherwise the Commissioners' Court, to check the speedometer reading of each of said automobiles, owned by the county once each month and to keep a public record thereof; no automobile owned by the county shall be used for any private purpose." (underscoring ours).

In order for an officer to obtain credit for legitimate expenses of his office, the above statute must be observed. See Pierson v. Galveston County, Tex. Civ. App., 131 S.W. (2d) 27.

The record books, binders, and office equipment mentioned by you should be obtained in accordance with the provisions of Article 3899b, Vernon's Annotated Civil Statutes, as amended. The pertinent parts of this article follow:

"Section 1. There shall be allowed to County Judges, Clerks of the District and County Courts, Sheriffs, County Treasurers, Tax Assessors and Collectors, such books, stationery, including blank bail bonds and blank complaints, and office furniture as may be necessary for their offices, to be paid for on the order of the Commissioners' Court out of the County Treasury; and suitable offices shall also be provided by the Commissioners' Court for said officers at the expense of the county. And such books and stationery as are necessary in the performance of their duties shall also be furnished Justices of the Peace by said Commissioners' Court. Provided all purchases herein must be approved by Commissioners' Court, and must be made under the provisions of A rticle 1659, Revised Civil Statutes of Texas, 1925.

"Sec. 2. Suitable offices and stationery and blanks necessary in the performance of their duties may in the discretion of the Commissioners' Court also be furnished to resident District Judges, resident District and County Attorneys, County Superintendents and County Surveyors, a nd may be paid for on order of the Commissioners' Court out of the County Treasury."

The annual report form required by the State Auditor contains space for listing expenditures, together with the following notation:

"The annual report required under Article 3997, as amended, is not only a report of the district, county or precinct officer, but also a report of office. All fees earned from whatever source, except such specifically excepted by the laws in force, should be reported. All expenses of the office, whether paid by the officer or through other agencies of the county, should be reported; in other words, the annual reports should be prepared in cooperation with the county auditors and other county officials."

While we recognize that the inclusion in their annual reports of all expenses officially incurred by the various county officers during the fiscal year would doubtless be desirable and salutary, neither this department nor the courts are authorized to enlarge upon the legislative expressions herein quoted and referred to. The statutes require monthly reports of disbursements and expenditures. If the requirements of Article 3899, governing such monthly reports be scrupulously followed, inclusion in the annual report would be a mere matter of recapitulating such monthly reports; it is difficult to imagine why any county official should object; however, we cannot read into Article 3897, supra, the authority to compel the listing of such expenditures.

You are respectfully referred to Article 1656, Revised Civil Statutes, 1925, under the heading "County Auditor." We quote:

"He (referring to the County Auditor) shall prescribe and prepare the forms to be used by all persons in the collection of county revenues, funds, fees, and all other moneys, and the mode and manner of keeping and stating their accounts, and the time, mode and manner of making their reports to the Auditor, also the mode and manner of making their annual report of office fees collected and disbursed, and the amount refunded to the county in excess of those allowed under the general fee bill law. He shall have power to adopt and enforce such regulations not inconsistent with the constitution and laws, as he may deem essential to the speedy and proper collection, checking and accounting of the revenues and other funds and fees belonging to the county." (parenthetical insertion ours).

Such statute, in our opinion, provides for the exercise of discretion on the part of the county auditor; under its terms you, as County Auditor of Wichita County, would have the authority to require all disbursements to be shown in said annual report on the form designed by the State Auditor.

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Benjamin Woodall
    Benjamin Woodall
        Assistant

APPROVED MAY 7, 1941
/s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY BENERAL
BW:RS:egw

Approved
Opinion Committee
By BWB
Chairman